Wilson, J.,
specially concurring.
I agree with my brother judges in their conclusion that the judgment of the district court should be reversed. I cannot concur, however, in their views as to the regularity of the proceedings in the trial court whereby it was submitted to two commissioners to assess and determine the damages, if any, sustained by the premises of plaintiff, nor as to the force and effect of the report and findings of such commissioners.
Conceding it to be true as a general proposition, that it is within the general powers of an attorney at law to submit the suit of his client to arbitration or reference, it does not always necessarily follow that the official attorney of a municipal corporation is invested with such authority. It may be *443 that under a statute such as ours, providing for the election of such an official, and that his powers and duties should he such as prescribed by the city council, he might be shorn of some powers which he would otherwise have in the management of the litigation of the city. I simply suggest this question, but in my view of the case presented, its determination is not necessary. Assuming that in the present instance, the city attorney, under his general powers as such, was invested with this authority, it cannot in my opinion be successfully contended that such authority extended any further than to allow him to submit the matters at issue to arbitration or reference in any other form or manner than that prescribed by the code. It must be conceded that the attempted submission to arbitration, reference, or whatever it may be called, and the procedure thereunder, was not in accordance with any form or method of arbitration or reference prescribed by the code, or by any statute. It seems to me, therefore, that the authority of the city attorney in this instance must be sustained, if at all, by the special power granted to him by a special resolution of the city council referred to in the opinion of the majority of the court and contained in the record. That portion of the resolution which is material to this discussion was as follows:
“ The city attorney be and he is hereby authorized and instructed to have commissioners appointed by the court or judge in which such suits are pending, for the purpose of assessing or determining the damages sustained by such propérty, and for that purpose may by stipulation with plaintiffs, waiving right to jury or otherwise, procure in such or any such case order or orders of court for the appointment of such commissioners.”
This action was to recover damages on account of private property being damaged by the construction of a public improvement for public use. Article 2, section 15 of the constitution provides, “ That private property shall not be taken or damaged for public or private use without just compensation. Such compensation shall be ascertained by a board of *444 commissioners, of not less than three freeholders, or by a jury when required by the owner of the property, in such manner as may be prescribedby law,” etc. The statute of eminent domain follows the wording of the constitution, and provides that “ such compensation shall be ascertained by a board of commissioners of not less than three freeholders, or by a jury when required by the owner of the property, as hereinafter prescribed.” The object of this suit being the ascertainment of the damages caused to property by a public use, the mode and method of which are specially provided for by these constitutional and statutory provisions, the resolution of the council should, in my opinion, be construed with reference to such provisions. If the power to submit to arbitration or to a reference had been intended to be conferred, it is reasonable to suppose that language would have been used which would unmistakably have evidenced that intent. Or if there were no provision in the constitution, or in the statutes, prescribing or regulating the manner in which such or similar damages should be ascertained or determined, it might be held that an arbitration was meant, although the precise words were not-used. The object sought being that which is consistent with and properly submissible to arbitration, the mere failure to use the word “ arbitration,” or “ arbitrators,” might not possibly be held to defeat the submission to arbitration under such power. Here, however, they use the identical word, “ commissioners,” which is used in both the constitution and the statute in connection with the ascertainment of damages for injuries such as those alleged in the case at bar. I think, therefore, that this resolution was intended to authorize and did authorize the city attorney only, to make no further contest over the liability of the city for damages caused by the construction of the public improvement, that having been settled by the supreme court, to waive any right which the city might have to submit to a jury the question of the amount of damages, and empowered him to secure the submission of such question to commissioners such as were contemplated by the constitution and the statute. If this be true, no such *445 commissioners were appointed, as they were required to be not less than three freeholders.
I am not shaken in this conclusion by the fact that this proceeding or suit was not instituted nor prosecuted under the special provisions of the eminent domain act; that it was a suit begun by the party damaged, after the injuries had been suffered, and not by the city for the purpose of condemnation. It makes no difference in the principle. The constitution does not restrict the method provided for the ascertainment of such damages to any particular form of action, nor does the statute. The constitution also provides that where property is sought to be taken for a public use, the proprietary rights of the owner therein shall not be divested until the compensation shall be paid to him, or into court for his use. Such provision, however, does not extend to the damage of property for public use. In such case, it would in many instances be manifestly impossible to determine the damage until after the contemplated improvement had been constructed, and the alleged injuries inflicted. Denver & S. F. R. Co. v. Domke, 11 Colo. 255. In such case, the suit would usually be begun by the injured party, and that fact should not defeat the method prescribed by law for the ascertainment of the damages in such cases. It seems to me that the same constitutional and statutory provision should apply whether the proceeding was inaugurated by the party claiming to have suffered damage, or by the party seeking to enforce its right of eminent domain.
For these reasons, I am of opinion that the action of the trial court in submitting to two commissioners the question of the amount of damages sustained by the plaintiff in the manner in which it did, was irregular and wholly unauthorized, as was also the procedure therein, and that the report of the commissioners should have no legal or binding force or effect whatever.